# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN McCUTCHAN<br>7687 Park Avenue<br>Terrell, TX 75160<br><br>    Plaintiff,<br><br>vs.<br><br>CORIANT OPERATIONS, INC.<br>1415 West Diehl Road<br>Naperville, IL 60563<br><br>    and<br><br>INFINERA CORPORATION<br>(as Successor-in-Interest to Coriant<br>Operations, Inc.)<br>140 Caspian Court<br>Sunnyvale, CA 94089<br><br>    and<br><br>J. DOE 1 (CORIANT 401K PLAN<br>TRUSTEE)<br>(Name and address unknown)<br><br>    and<br><br>J. DOE 2-10 (MEMBERS OF CORIANT<br>401K PLAN ADMINISTRATIVE<br>COMMITTEE)<br>(Names and addresses unknown)<br><br>    and<br><br>J. DOE 11-20 (MEMBERS OF CORIANT<br>401K PLAN INVESTMENT COMMITTEE)<br>(Names and addresses unknown)<br><br>    Defendants. | CASE NO.:<br><br>JUDGE<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

{01394652-1}

Plaintiff, Calvin McCutchan, by and through the undersigned counsel, hereby files this Class Action Complaint, individually and on behalf of all others similarly situated, against Defendants, Coriant Operations, Inc., Infinera Corporation, and J. Does 1-20, and states and alleges as follows:

## NATURE OF THE ACTION

1. This ERISA matter arises out of Defendants' failure, in breach of their fiduciary duties, to timely and reasonably notify Plaintiffs and the putative class members of the upcoming termination of their 401k plan on terms likely to result in losses to Plaintiff and the putative class members, when such losses could have been avoided had Plaintiff and the putative class members been notified of their 401k plan termination in time for them to liquidate their investments on more favorable terms.

2. Plaintiff and the putative class members were all participants in Defendant Coriant's 401k plan. Defendants, as more fully described below, were fiduciaries who owed duties to all plan participants.

3. Defendants' 401k plan, held by Prudential Financial, Inc. ("Prudential"), offered Plaintiff and the putative class an investment option known as Gibraltar Guaranteed Fund ("GFF").

4. GFF was sponsored and managed by Prudential.

5. As Defendant knew, pursuant to the Coriant 401k plan's agreement with Prudential, in case the 401k plan was terminated, Prudential had the right to immediately terminate the plan participants' investments in GFF and pay the participants the market value of their GFF holdings.

6. By contrast, prior to such plan termination, plan participants had the right to liquidate their GFF holdings at book value, which was significantly higher than the market value, as Defendants knew.

7. Upon entering into an acquisition agreement with Defendant Infinera, Defendant Coriant agreed to terminate its 401k plan, which termination – as Defendants knew – could (and actually did) trigger the liquidation by Prudential of the GFF investment on unfavorable terms and the transfer of the GFF investment proceeds to a money-market fund with modest returns.

8. Instead of timely notifying Plaintiff and the other 401k plan participants of the impending plan termination and advising them that if they transferred their GFF holdings from the 401k plan prior to such termination they could avoid losses, Defendants waited to send such notification until it was too late for the plan participants to liquidate their GFF holdings and avoid losses.

9. When they at last sent notification, Defendants improperly sent it via (1) an email blast that was apparently caught in spam filters and never made it to Plaintiffs and the putative class members' inboxes; (2) sent it without a "reply receipt" to confirm delivery of the email; and (3) a letter that arrived too late to allow Plaintiff and the putative class members to take action and avoid losses on their GFF investments.

10. Through their failure to timely and adequately notify Plaintiff and the other 401k plan participants regarding the plan's termination, Defendants breached their fiduciary duties and the applicable ERISA rules and regulations. Plaintiff and the putative class members suffered losses as a result.

11. Plaintiff's repeated attempts in writing to resolve this matter prior to filing this case were met with deflection, obfuscation, and rejection, making it clear that his only remaining choice was to seek judicial remedies through this action.

## PARTIES

12. Calvin McCutchan ("McCutchan" or "Plaintiff") is an individual who is now, and was at all relevant times mentioned in this Complaint, a citizen of the State of Texas.

13. Coriant Operations, Inc. ("Coriant") is a corporation organized under the laws of the state of Delaware with its principal place of business located in Naperville, IL.

14. Infinera Corporation ("Infinera") is a corporation organized under the laws of the state of Delaware with its principal place of business located in Sunnyvale, CA.

15. J. Doe 1, whose identity and address is currently not known to Plaintiff but is known to the named Defendants, was at all relevant times Defendant Coriant's 401k Plan Trustee. Plaintiff anticipates that Defendant J. Doe 1's identity and contact information will be obtained in the course of discovery.

16. J. Does 2-10, whose identities and addresses are currently not known to Plaintiff, were at all relevant times members of Defendant Coriant's 401k Plan Administrative Committee. Plaintiff anticipates that Defendants J. Doe 2-10's identities and contact information will be obtained in the course of discovery.

17. J. Does 11-20, whose identities and addresses are currently not known to Plaintiff, were at all relevant times members of Defendant Coriant's 401k Plan Investment Committee. Plaintiff anticipates that Defendants J. Doe 11-20's identities and contact information will be obtained in the course of discovery.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because there are 100 or more class members, at least one of whom is a citizen of a state different from at least one Defendant, and the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

19. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO THE CLASS

20. At all relevant times herein, Plaintiff and all others similarly situated were participants in the Coriant 401(k) Plan.

21. Coriant was the sponsor of, and provided its employees the opportunity to participate in, a 401(k) plan called the Coriant 401(k) Plan (the "Plan").

22. The Investment Manager for the Plan was Prudential. Prudential offered to Plan participants an investment option known as the Gibraltar Guaranteed Fund ("GGF").

23. As Defendants knew, under the terms agreed between Prudential and the Plan, in the event that the *Plan participants* were to liquidate their GGF investment, they were to receive the book value of the GGF investment as of the date of such termination.

24. By contrast, as Defendants knew, under the terms agreed between Prudential and the Plan, in the event that Prudential was to terminate the Plan participants' GGF investments, the Plan participants were to receive the market value of the GGF investment as of the date of such termination, which was likely to be a lower amount than the book value.

25. As Defendants knew, under the terms agreed between Prudential and the Plan, Prudential had the ability to terminate the Plan participants' participation to GGF in the event the Plan was terminated.

26. Defendants also knew that, were Prudential to terminate the Plan participants' GGF investments – as opposed to the Plan participants liquidating their GGF investments themselves prior to such termination – the Plan participants would likely suffer losses.

27. Plaintiff, and all other Plan participants situated similarly to Plaintiff, participated in the Plan by transferring and investing money into the GGF.

28. On July 23, 2018, Infinera publicly announced its intention to acquire Coriant. The acquisition of Coriant's parent company by Infinera was completed on or about October 1, 2018 and Infinera became the owner of 100% of Coriant's shares.

29. Because Infinera maintained its own 401(k) Plan, it required Coriant to terminate the Plan prior to the closing of the acquisition.

30. Pursuant to its acquisition agreement with Infinera, Coriant terminated the Plan on September 30, 2018.

31. On a date currently unknown to Plaintiff, Coriant sent Prudential notice of termination of the Plan.

32. Defendants did not notify the Plan participants before sending such notice of termination to Prudential, which would have given them an opportunity to liquidate their GGF investments at book value before Prudential could terminate their GGF participation and pay them the lower, market value for their GGF holdings.

33. Defendants failed to timely notify the Plan participants of the termination of the Plan despite knowing that the Plan participants would likely suffer losses if they were unable to liquidate their GGF holdings before Prudential terminated their GGF investment.

34. Following its receipt of the notice of termination of the Plan, Prudential notified Coriant of its election to terminate the GGF.

35. On October 10, 2018, Coriant belatedly purported to send both a blast email and a letter to all participants of the Plan to notify them that: (1) the Plan had been terminated on September 30, 2018, and (2) in connection with the termination, Prudential would be terminating the Plan's participation in the GGF on October 15, 2019.

36. Given the manner in which Coriant sent the blast email, upon information and belief, most emails were caught in spam filters and never arrived in the Plan participants' email inboxes.

37. Further, the letter was sent too late for most Plan participants to timely receive it and act on it to avoid incurring losses.

38. The email and letters also stated that each participant's interest in GGF would be transferred to the Vanguard Money Market Fund on October 16, 2018 and that such transfers likely would result in losses. The email and letters explained:

> Since Prudential has exercised its right to terminate the Plan's participation in the GGF, under the terms of the Plan's contract with Prudential, amounts transferred will be calculated based on market value rather than book value, which likely will result in a loss. This is different from how Participant-elected transfers or distributions under the GGF are treated. Participant-elected transfers and distributions typically are made at book value. As of October 8, 2018, the market value adjustment would have resulted in a loss of approximately 4%. We cannot predict the actual market value at the termination date.

39. Plaintiff never received an email in his inbox, or a letter via mail in time to take action and avoid suffering losses as a result of Prudential's termination of the GGF investment, and had no notice of the impending termination of the GGF investment or the deadline for making an elective transfer or distribution of his interest in GGF, before such deadline passed.

40. Upon information and belief, Plan participants who transferred their GGF investments between October 10 and October 15, 2018, via Participant-elected transfers and

distributions enjoyed the benefit of having their full investments in GGF transferred at book value rather than market value.

41. Plaintiff and all other similarly situated Plan participants who did not transfer their GGF investments via Participant-elected transfer and distribution suffered a loss. Their shares in GGF were liquidated at market value and the resulting funds were transferred to Vanguard and invested in the Vanguard Money Market Fund.

42. A plan fiduciary is required by 29 U.S.C. § 1104(a)(1), *inter alia*, to discharge his, her, or its duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries, with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

43. As provided under 29 C.F.R. § 4041.23(a)(1), at least 60 days and no more than 90 days before the proposed termination date of a plan, the plan administrator must issue to each person that is an affected party as of the proposed termination date a notice of intent to terminate.

44. As the plan administrator, Coriant had a fiduciary duty to provide to Plan participants notice of the intended termination at least 60 days, and no more than 90 days, before September 30, 2018.

45. Coriant did not even attempt to notify Plan participants of its intent to terminate the Plan until October 10, 2018, ten days after Coriant had terminated the Plan on September 30, 2018 and too late for many, if not most, Plan participants to be able to liquidate their GGF investment and avoid suffering losses.

46. By their actions and omission in failing to properly notify Plaintiff and other Plan participants as required by federal regulation, Defendants breached their fiduciary duties to all Plan participants.

47. Each of the Defendants was also a co-fiduciary liable for the breaches committed by each other fiduciary under 29 U.S.C. § 1105 because each (a) knowingly participated in, or knowingly undertook to conceal, an act or omission of one or more other fiduciaries, knowing such act or omission was a breach; (b) enabled one or more other fiduciaries to commit a fiduciary breach by failing to comply with his, her, or its own fiduciary duties in the administration of the specific responsibilities giving rise to status as a fiduciary; and/or (c) knew of a breach by one or more other fiduciaries but failed to make reasonable efforts under the circumstances to remedy the breach.

48. Under 29 U.S.C. § 1109, *inter alia*, any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach and to restore to the plan any profits the fiduciary made through use of the plan's assets.

49. A Plan participant is permitted under 29 U.S.C. § 1132(a)(1)(B) to bring suit for relief under ERISA.

50. As a consequence of Defendants' breaches of fiduciary duty, Plaintiff suffered loss and damages.

51. A plan administrator has a fiduciary obligation to monitor and select the plan investments.

52. The fiduciary obligation of the plan administrator for monitoring and selecting investments naturally extends to the provision of notice concerning changes to the investment options made available under the plan.

53. The plan administrator must notify plan participants of changes in a plan's provisions and give plan participants a reasonable opportunity after such notice to take appropriate action.

54. Coriant failed to notify the Plaintiff of the drastic changes to the Plan, including Prudential's intention to terminate the Plan's participation in the GGF, which – as Defendants knew – would result in all GGF investments to default transfer to the Vanguard Money Market Fund at a market-value loss. Coriant further failed to comply with notice requirements under 29 C.F.R. § 4041.23(a)(1) with respect to all Plan participants.

55. Defendants breached their fiduciary duty to Plaintiff and the other Plan participants by failing to notify them of the foregoing changes to their GGF investments, and similarly breached their fiduciary duty to all Plan participants, including Plaintiff, by failing to comply with notice requirements under 29 C.F.R. § 4041.23(a)(1).

56. Plaintiff was not required to exhaust his administrative remedies prior to pursuing a judicial remedy because the Plan purportedly was terminated and had ceased to exist as of September 30, 2018, eleven days prior to Coriant's effort to notify Plan participants about the termination. Moreover, the Plan was in violation of 29 C.F.R. 2660.503-b for failure to "maintain" reasonable claims procedures, in that it did not describe any process for requesting or pursuing an administrative appeal subsequent to Plan termination.

57. Nonetheless, Plaintiff, to no avail, diligently made multiple attempts to resolve this dispute through repeated communications with Debra Ragusa, Coriant's former Senior

Global Benefits Manager, in an effort to exhaust his administrative remedies before pursuing a judicial remedy.

58. In response to Plaintiff's repeated attempts to seek non-judicial remedies, Coriant repeatedly declined to admit any fault or liability, engaged in systematic obfuscation, advised him to "talk to Prudential," misleadingly characterized Plaintiff's rights as a Plan participant and Coriant's own responsibilities, and otherwise failed to remedy the results of its conduct, making it clear that any further efforts to resolve this matter without resorting to judicial action are futile. Coriant further failed to advise Plaintiff of the procedures by which he could appeal its refusal to provide the benefits to which he was entitled.

59. Thus, Plaintiff is left with no choice but to pursue judicial remedies against Defendants through this action.

## CLASS ACTION ALLEGATIONS

60. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated as members of the proposed Class. The requirements of Fed. R. Civ. P. 23, subparts 23(a) and 23(b), are met with respect to the Class, which is defined as follows:

> All participants in the Plan who experienced a loss due to liquidation at market value of their GGF investments.

61. Excluded from the Class are the officers and directors of the corporate Defendants, members of their immediate families, the heirs, successors, or assigns of any of the foregoing, and any judge or judicial officer who might hear any aspect of this matter, and his or her law clerks.

62. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

63. <u>Numerosity/Impracticability of Joinder</u>: The members of the Class are so numerous that joinder of all members would be impracticable. Although the exact number of Class members is unknown at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that there were, during the relevant time period, somewhere between 1,984 and 1,326 participants in the Plan, a substantial number of whom had some or all of their account balances invested in GGF.

64. <u>Commonality and Predominance</u>: There are common questions of law and fact that predominate over any questions affecting only individual members of the Class, including the following: whether Class members suffered losses in GGF due to liquidation of their interests at market value rather than book value; whether Defendants failed to give timely notice of the termination of the Plan as required by 29 C.F.R. § 4041.23(a)(1); whether Defendants were fiduciaries of the Plan during the relevant time period; whether Defendants breached their fiduciary duties by failing to provide adequate notice of the Plan termination; whether Defendants breached their fiduciary duties by failing to provide adequate notice of GGF termination; whether the Class members losses were caused by such breaches; and whether such losses should be allocated to Class members' individual Plan accounts.

65. <u>Typicality</u>: Plaintiff is a member of the Class and his claims are typical of the claims of the members of the Class, as Plaintiff and all members of the Class sustained injury arising out of Defendants' wrongful conduct in breaching their fiduciary duties and violating ERISA as complained of herein.

66. <u>Adequacy</u>: Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Plaintiff has no interest antagonistic to or in conflict with those of

the other Class members. Plaintiff is represented by attorneys who are experienced in ERISA and class action litigation.

67. Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically infeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Further, individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation could also result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and the court system because of the multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Defendants have acted or refused to act on grounds generally applicable to the entire Class, thereby making it appropriate to provide monetary relief, final injunctive relief, and other equitable relief to the Class as a whole.

### FIRST CLAIM FOR RELIEF

**Claim for Breach of Fiduciary Duty Against All Defendants:**
**Failure to Provide Adequate Notice of the Coriant 401(k) Plan Termination**
**[29 C.F.R. § 4041.23(a)(1), §29 U.S.C. §§ 1104(a)(1), 1105, 1109, 1132(a)(1)(B)]**

68. Plaintiff incorporates Paragraphs 1 through 67 above, as if fully set forth herein.

69. 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his, her, or its duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries, with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

70. 29 C.F.R. § 4041.23(a)(1) provides that at least 60 days and no more than 90 days before the proposed termination date, the plan administrator must issue a notice of intent to terminate to each person that is an affected party as of the proposed termination date.

71. As the plan administrator, Coriant had a fiduciary duty pursuant to 29 C.F.R. § 4041.23(a)(1) to provide Plan participants a notice of termination of at least 60 days and no more than 90 days before September 30, 2018. On October 10, 2018, Coriant notified Plan participants of its intent to terminate the Plan, ten days after Coriant had terminated the Plan on September 30, 2018. By their actions and omission in failing to adequately notify Plaintiff, Defendants, and each of them, breached each of these fiduciary duties.

72. 29 CFR 4041.3(c)(1), requires, *inter* alia, that Coriant use measures reasonably calculated to ensure actual receipt of notice of the termination. Coriant's use of a blast email of the already tardy notice of termination was not reasonably calculated to ensure actual receipt of the notice, and upon information and belief Plaintiff alleges that Coriant failed to use any sort of systems, much less reasonable systems, to confirm delivery and actual receipt of the blast email notice.

73. Each of the Defendants was also a co-fiduciary liable for the breaches committed by each other fiduciary under 29 U.S.C. § 1105, because each (a) knowingly participated in, or

knowingly undertook to conceal, an act or omission of one or more other fiduciaries, knowing such act or omission was a breach; (b) enabled one or more other fiduciaries to commit a fiduciary breach by failing to comply with his, her, or its own fiduciary duties in the administration of the specific responsibilities giving rise to status as a fiduciary; and/or (c) knew of a breach by one or more other fiduciaries but failed to make reasonable efforts under the circumstances to remedy the breach.

74. 29 U.S.C. § 1109 provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach and to restore the plan any profits the fiduciary made through use of the plan's assets.

75. ERISA permits a Plan participant to bring suit for relief under 29 U.S.C. § 1132(a)(1)(B).

76. As a consequence of Defendants' breaches of fiduciary duty, Plaintiff suffered a loss in the value of his retirement plan account and is due the benefits wrongfully denied him.

### SECOND CLAIM FOR RELIEF

**Claim for Breach of Fiduciary Duty Against All Defendants:
Failure to Provide Adequate Notice of Gibraltar Guaranteed Fund Termination**

77. Plaintiff incorporates Paragraphs 1 through 67 above, as if fully set forth herein.

78. The Plan sponsor (Coriant), the Plan's trustee (J. Doe 1), members of the Plan's Administrative Committee (J. Does 2-10), and members of the Plan's Investment Committee (J. Does 11-20) had fiduciary obligations to administer, monitor, and select the Plan's investments.

79. The obligations of these fiduciaries extended to the provision of notice concerning changes in the Plan, including any changes to the investment options made available.

80. These fiduciaries were required to notify Plan participants of changes in the Plan's provisions and to give the Plan participants a reasonable opportunity after such notice to take appropriate action.

81. Coriant and the other fiduciaries failed to adequately notify the Plaintiff and other Plan participants of the drastic changes to the Plan, including Prudential's intention to terminate the Plan's participation in the GGF, which would result in default liquidations of GGF investments, and transfers to the Vanguard Money Market Fund, at a market-value loss.

82. Defendants breached their fiduciary duty to Plaintiff and those Plan participants similarly situated to Plaintiff by failing to adequately notify them of the foregoing changes to their GGF investments and failing to provide adequate opportunity for them to take appropriate action.

83. As a consequence of Defendants breaches of fiduciary duty, Plaintiff and other Plan participants suffered a loss in the value of their retirement accounts and are due the benefits wrongfully denied them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

A. Certify this action as a class action pursuant to Fed. R. Civ. P. 23, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as counsel for the class;

B. Declare that the Defendants, and each of them, have breached their ERISA fiduciary duties to the above-mentioned Plan participants and beneficiaries;

C. Issue an order Compelling the Defendants, and each of them, to make good to the Plan participants for all losses resulting from these breaches, including loss of gross value of

GGF that would have been avoided had sufficient warning and notification been provided as required;

D. Award such other equitable or remedial relief as may be appropriate, including the permanent removal of the Defendants from any positions of trust with respect to the Plan and the appointment of independent fiduciaries to administer the Plan;

E. Enjoin Defendants, and each of them, from any further violations of their ERISA fiduciary responsibilities, obligations, and duties;

F. Order Defendants or their successor fiduciaries to allocate the Plan's recoveries to the accounts of all Plan participants who had experienced a loss of GGF value as a result of Defendants' breaches;

G. Award attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) and/or the Common Fund doctrine; and

H. Award such other further relief as this Court deems equitable and just.

DATED: January 24, 2020.   *s/ Hugh D. Berkson*

                                 Hugh D. Berkson (OH 0063997)
                                 Jay H. Salamon (OH 0029192)
                                 McCarthy, Lebit, Crystal
                                 & Liffman Co., L.P.A.
                                 101 West Prospect Avenue
                                 1800 Midland Building
                                 Cleveland, OH 44115
                                 Telephone  (216) 696-1422
                                 Facsimile:  (216) 696-1210
                                 Email:  hdb@mccarthylebit.com
                                 Email:  jhs@mccarthylebit.com

                                 GOLDMAN SCARLATO & PENNY PC

                                 Alan L. Rosca (*pro hac vice forthcoming*)
                                 23250 Chagrin Blvd., Suite 100
                                 Beachwood, OH 44122
                                 Telephone: (484) 342-0700

Email: rosca@lawgsp.com

Paul Scarlato (*pro hac vice forthcoming*)
Eight Tower Bridge, 161 Washington St
Conshohocken, PA 19428
Telephone: (484) 342-0700
Email: scarlato@lawgsp.com

**Counsel for Plaintiff Calvin McCutchan**

## ENDORSEMENT FOR A JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

DATED: January 24, 2020.

Respectfully submitted,

*/s/ Hugh D. Berkson*
Hugh D. Berkson (OH 0063997)
Jay H. Salamon (OH 0029192)
MCCARTHY, LEBIT, CRYSTAL
& LIFFMAN CO., L.P.A.
101 West Prospect Avenue
1800 Midland Building
Cleveland, OH 44115
Tel: (216) 696-1422
Facsimile: (216) 696-1210
Email: hdb@mccarthylebit.com
Email: jhs@mccarthylebit.com

***Counsel for Plaintiff Calvin McCutchan***

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th, day of January, 2020, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties registered for electronic service by operation of the Court's electronic filing system. The parties may access the filing through the Court's system.

Respectfully submitted,

*/s/ Hugh D. Berkson*
Hugh D. Berkson (OH 0063997)

{01394652-1}