UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN MCCUTCHAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORIANT OPERATIONS, INC., ) <br> INFINERA CORPORATION, CORIANT ) <br> 401(k) PLAN, and J. DOES 1-20, ) <br> ) <br> Defendants. ) | 20 C 561 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants Coriant Operations, Inc. ("Coriant"), Infinera Corporation ("Infinera"), the Coriant 401(k) Plan (the "Plan"), and J. Does' 1-20 (collectively, "Defendants") motion to dismiss Plaintiff Calvin McCutchan's ("McCutchan") First Amended Class Action Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Defendants also move to strike McCutchan's jury demand under Federal Rule of Civil Procedure 12(f). For the following reasons, the motion to dismiss is granted in part and the motion to strike is granted.

## BACKGROUND

For the purposes of this motion, the Court accepts as true the following facts from the FAC. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). All

reasonable inferences are drawn in McCutchan's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff McCutchan is a Texas citizen. Defendant Coriant is a Delaware corporation with a principal place of business in Naperville, Illinois. Defendant Plan is an employee benefit retirement plan sponsored by Coriant and has its principal place of business in Naperville, Illinois. Defendant Infinera is a Delaware corporation with a principal place of business in Sunnyvale, California. Defendant J. Doe 1 was Coriant's 401(k) Plan Trustee. Defendants J. Does 2-10 were members of Coriant's 401(k) Plan Administrative Committee. Defendants J. Does 11-20 were members of Coriant's 401(k) Plan Investment Committee. The exact identities of the Doe Defendants are unknown.

McCutchan was an employee of Coriant and a participant in the Plan. Prudential Financial, Inc. ("Prudential") was the Investment Manager for the Plan and offered Plan participants an investment option known as the Gibraltar Guaranteed Fund (GGF). Under the terms of the GGF, Plan participants would receive the book value of the GGF investment if the participant elected to liquidate their investment. However, if Prudential elected to terminate the Plan participants' GGF investments, the Plan participants would instead receive the market value, not the book value, of their investment.

On July 23, 2018, Infinera publicly announced its intention to acquire Coriant. A condition of the acquisition was that Coriant would terminate the Plan before

finalization of the acquisition because Infinera maintained its own 401(k) plan. Infinera's acquisition of Coriant became final on October 1, 2018 and the Plan was terminated the day prior, September 30, 2018.

McCutchan alleges that on October 10, 2018, Coriant mailed notice to Plan participants that the GGF would terminate on October 15, 2018. On October 15, 2018, McCutchan alleges that Coriant sent a mass email to all Plan participants again notifying them that the GGF would terminate that day. Both communications told Plan participants that they must elect to liquidate their GGF investments by October 15, 2018, to receive the book value of the investments. If they failed to do so, Plan participants would receive the market value of their investments.

McCutchan says that he never received the mailed notice because it did not arrive before October 15, 2018. Additionally, McCutchan says he did not receive the email notification because it was filtered into his spam folder. As a result, McCutchan was not able to elect to liquidate his GGF investment and receive the book value. McCutchan alleges that the market value was substantially less than the book value and, therefore, he and other Plan participants suffered a monetary loss due to insufficient timely notice. McCutchan argues that Defendants should have provided notice of the Plan's termination at some point between July 23, 2018, when Infinera announced their intent to acquire Coriant, and October 10, 2018, when Coriant attempted to provide notice of the Plan's termination a few days later.

Based on these events, McCutchan filed his FAC on June 10, 2020. McCutchan seeks the recovery of benefits from the Plan under the Employment Income Retirement Security Act ("ERISA") Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (Count I), and claims a breach of fiduciary duty under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2), against Infinera, Coriant, and the Doe Defendants (Count II).

On July 23, 2020, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants also move this Court to strike the plaintiff's jury demand on the basis jury trials are not available for ERISA claims.

## **LEGAL STANDARD**

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the facts alleged in the complaint and not the merits of the case. Fed. R. Civ. P. 12(b)(6); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true all well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The factual allegations in the complaint must state a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not require detailed factual allegations but must provide sufficient factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must provide a defendant with fair notice of the claim's basis and also must be facially plausible. *Id.* at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the

4

complaint contains sufficient alleged facts that permit the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere conclusory statements or a "formulaic recitation of the elements of a cause of action" are insufficient pleadings to overcome a Rule 12(b)(6) motion to dismiss. *Id*. at 678-79.

District courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Parties in a federal civil action may demand a jury trial for all issues on which there is a federal right to a jury trial. Fed. R. Civ. P. 38(a)-(b). If the Court, either by motion or on its own initiative, finds that a particular issue has no federal right to a jury trial, a jury demand may be denied. Fed. R. Civ. P. 39(a)(2).

## **DISCUSSION**

Defendants argue that McCutchan fails to state a claim for the recovery of benefits against the Plan and breach of fiduciary duties. Defendants also argue that Infinera should be dismissed from this case because Infinera is not a fiduciary to the Plan. Finally, Defendants request that McCutchan's jury demand be stricken. We address each argument in turn.

I. **Recovery of Benefits Claim**

Defendants argue that McCutchan's recovery of benefits claim fails because McCutchan failed to exhaust his administrative remedies.[1] We agree.

Under ERISA, an employee retirement plan beneficiary or participant may bring a civil action to recover benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). ERISA requires that all employee benefit plans must include an internal claims review procedure. 29 U.S.C. § 1133(1)-(2). The Seventh Circuit has held that federal district courts have the discretion to require an ERISA plaintiff to exhaust administrative remedies as a precondition to filing an ERISA claim. *Schorsch v. Reliance Std. Life Ins. Co.*, 693 F.3d 734, 736 (7th Cir. 2012). Exhaustion of plan remedies is favored because "the plan's own review process may resolve a certain number of disputes; the facts and the administrator's interpretation of the plan may be clarified for the purposes of subsequent judicial review; and an exhaustion requirement encourages private resolution of internal employment disputes." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 671 (7th Cir. 2004)

However, two exceptions to the exhaustion requirement exist: 1) if the plaintiff lacks meaningful access to internal review procedures; or 2) if pursuing internal plan administrative remedies would be futile. *Schorsch*, 693 F.3d at 739 (citing *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 361 (7th Cir. 2011)). To be futile, it must

---

[1] Defendants also argue that McCutchan is not due any additional benefits under the Plan. However, we do not address this argument since we conclude that McCutchan's Section 1132(a)(1)(B) claim fails due to the failure to exhaust administrative remedies.

6

be "certain that [the] claim will be denied" and not merely that there are doubts that the claim will be denied. *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1238 (7th Cir. 1997).

Here, McCutchan fails to allege that he exhausted his administrative remedies under the Plan. McCutchan asserts that on several occasions he attempted to resolve this matter by communicating with Debra Ragusa ("Ragusa"), Coriant's former Senior Global Benefits Manger. McCutchan alleges that, in response to his communications with Ragusa, Coriant repeatedly declined to admit any liability, "engaged in systematic obfuscation," directed him to speak with Prudential instead of Coriant representatives, and made no indication of any intent to settle the dispute. McCutchan alleges that none of Ragusa's responses to his communications contained citations to any of the Plan's terms or provisions upon which Coriant based its position of non-liability for the loss in GGF investment value. Additionally, McCutchan says that none of Ragusa's communications advised him of appeals procedures under the Plan that he could pursue to obtain relief.

McCutchan, however, does not allege that he submitted a proper appeal under the procedures set forth under the terms of the Plan. McCutchan merely alleges that he had communications with Ragusa outside the proper administrative review process and that those communications were not fruitful.

McCutchan also does not allege that either of the two exceptions to the exhaustion requirement applies here. First, McCutchan does not sufficiently plead that

7

he lacked meaningful access to any internal review procedures, but rather only asserts that the communications did not state the procedures by which he could submit an appeal for internal review of his claims for benefits under the Plan. However, McCutchan did not follow the administrative review procedure, which was set out in Plan documents, and the Plan was not required to provide the notice of the procedures if there was no formal appeal or denial of the claims. *Robyns*, 130 F.3d at 1237.

Second, McCutchan provides a conclusory allegation that pursuing any additional administrative remedies would be futile and that resorting to a judicial action is his only viable option. In support, he argues that the Plan's position during this litigation that he is not owed any benefits shows that pursuing administrative remedies would be futile. However, the Seventh Circuit has expressly denied this argument.

In *Stark*, the plaintiff argued that the defendant's litigation position showed that pursuing administrative remedies would be futile. 354 F.3d at 672. The Seventh Circuit disagreed, noting that "if claimants were allowed to skip the administrative procedure, it is hard to imagine that these factors would not be present in almost all cases." *Id.* Therefore, the Seventh Circuit concluded that "when a claimant ignores the administrative remedies and proceeds directly to federal court, he cannot be allowed to justify his choice by the fact that the plan defended itself in the lawsuit." *Id.* Thus, McCutchan's argument that the Plan's litigation position shows that pursing administrative remedies would be futile fails. McCutchan does not otherwise allege

8

any facts in his Complaint that plausibly suggest that any internal appeal of his claim for benefits would certainly be denied.

Therefore, McCutchan has failed to plead that he exhausted his administrative remedies under the terms of the Plan. Accordingly, Defendants' motion to dismiss McCutchan's recovery of benefits claim is granted.

## II. Breach of Fiduciary Duty Claim

Defendants argue that McCutchan's breach of fiduciary duty claim should be dismissed because it is a repackaging of McCutchan's recovery of benefits claim and because they did not breach any duty owed to McCutchan. We disagree.

To state a claim for breach of fiduciary duty under ERISA, the plaintiff must allege: 1) that the defendant is a plan fiduciary, 2) that the defendant breached its fiduciary duty, and 3) that the breach resulted in harm to the plaintiff. *Allen v. GreatBanc Trust Co.*, 835 F.3d 670, 678 (7th Cir. 2016) (citing *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 464 (7th Cir. 2010)).

Defendants primarily rely on Chief Justice Roberts' concurrence in *LaRue v. De Wolff, Boberh & Associates,* Inc, 552 U.S. 248, 257 (2008), in support of their argument that McCutchan's claims are duplicative. In *LaRue*, Chief Justice Roberts warned that claims brought under Section 502(a)(1)(B) could be recast as claims under Section 502(a)(2) and circumvent the exhaustion requirements of Section 502(a)(1)(B). *Id.* at 258–59. While the Seventh Circuit has not directly addressed this issue, it has acknowledged that Chief Justice Roberts has expressed concerns. *Howell v. Motorola,*

*Inc.*, 633 F.3d 552, 560 (7th Cir. 2011) (noting that Chief Justice Roberts expressed concerns about the "ambiguity" between Section 502(a)(2) and Section 501(a)(1)(B) claims, but that it would not address the issue).

Other courts in this circuit have addressed whether these claims are duplicative. For example, in *Burns*, the plaintiff brought identical claims under Sections 502(a)(1)(B), 502(a)(2), and 502(a)(3). 2009 WL 631245, at *3. The Court recognized that the plaintiff was seeking the same remedy under each claim based on the same facts. *Id.* at *5. The Court noted that "[w]hat separates Plaintiff's breach of fiduciary duty claim from others allowed to go forward under § 502(a)(2) is that in those other claims, there is some injury done to the plan that is separate and distinct from the denial of benefits." *Id.* at *4. Therefore, the Court dismissed the plaintiff's Section 502(a)(2) claim because she was attempting to "disguise and repackage her wrongful denial of benefits claim." *Id.* at *5.

Here, McCutchan's recovery of benefits claim and breach of fiduciary duty claim seem to involve different allegations. The breach of fiduciary duty claim involves whether Coriant provided adequate notice regarding changes to the retirement account, while the recovery of benefits claim involves Ragusa's denial of McCutchan's claim and her alleged failure to notify McCutchan of the Plan's appeal process. Thus, the claims appear separate and distinct and are not duplicative.

The parties do not dispute that Coriant is a Plan fiduciary. The duty to disclose material information is central to a plan fiduciary's responsibilities. *Kenseth*, 610 F.3d

10

at 466 (citing *Eddy v. Colonial Life Ins. of Am.*, 919 F.2d 747, 750 (D.C. Cir. 1990)). This duty includes an affirmative obligation to communicate material facts affecting the interests of the beneficiaries. *Kenseth*, 610 F.3d at 466. A plan fiduciary "is under a duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection in dealing with a third person." *Id.* (quoting Restatement (Second) of Trusts § 173, comment d (1959)).

Here, Coriant allegedly knew that the failure to timely liquidate a GGF investment would result in a beneficiary receiving the market value of their investment, instead of the higher book value. McCutchan and other beneficiaries allegedly did not know about the termination of the GGF. Coriant attempted to provide notice of the termination only five days prior to the termination. However, the notice was allegedly not made in time for McCutchan to act. Thus, McCutchan plausibly alleges that Coriant may have failed to provide adequate timely notice of the termination of the investment. The failure to provide timely allegedly affected the material interests of McCutchan because it resulted in McCutchan receiving the lower value of his investment. Adequate timely notice, McCutchan alleges, would have prevented this injury. Accordingly, the motion to dismiss the breach of fiduciary duty claim is denied.

**III.   Infinera as a Plan Fiduciary**

Defendants argue that Infinera should be dismissed because McCutchan has not alleged that Infinera is, or ever was, a Plan fiduciary. We agree.

11

As previously discussed, a claim for breach of fiduciary duty under ERISA requires the plaintiff to plausibly allege that the defendant is a plan fiduciary. *Kenseth*, 610 F.3d at 464. McCutchan fails to do so here. To be a fiduciary, Inferna must have had some degree of control over the management of the Plan and its assets. *Id.* at 465. McCutchan alleges that Coriant terminated the Plan on September 30, 2018, and Infinera's acquisition of Coriant was completed on October 1, 2018. Therefore, the Plan was terminated before Inferna ever owned Coriant or had any control over the Plan. Accordingly, Defendant Inferna is dismissed.

### IV. Motion to Strike Jury Demand

Defendants move the Court to strike plaintiff's jury demand on the basis that ERISA actions do not have a federal right to a jury trial. In ERISA cases, the general rule is that there is no federal "right to a jury trial because ERISA's antecedents are equitable, not legal." *Divane v. Northwestern Univ.*, 953 F.3d 980, 994 (7th Cir. 2020). Accordingly, Defendants' motion to strike McCutchan's jury demand is granted.

### CONCLUSION

For the reasons mentioned above, the Court grants the Defendants' motion to dismiss in part (Dkt. # 33). Count I is dismissed and Defendant Inferna is dismissed. McCutchan's breach of fiduciary duty claim may still proceed. Additionally, Defendants' motion to Strike McCutchan's jury demand is granted. The jury demand is hereby stricken. Telephonic status is set for 2/2/2021 at 10:40 a.m. It is so ordered.

Dated: 1/11/21

_____
Charles P. Kocoras
United States District Judge