**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CALVIN McCUTCHAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CORIANT OPERATIONS, INC., INFINERA CORPORATION, CORIANT 401(k) PLAN, and DOES 1-20,<br><br>    Defendants. | Case No. 1:20-cv-00561 (CPK) |

**JOINT DECLARATION OF HUGH D. BERKSON AND ALAN L. ROSCA
IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF THE SETTLEMENT AGREEMENT,
MOTION TO CERTIFY THE CLASS, AND OTHER RELATED RELIEF**

  Hugh D. Berkson and Alan L. Rosca respectfully submit this Joint Declaration in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, Motion for Class Certification, and other related relief. Pursuant to 28 U.S.C. § 1746, we declare as follows:

  1. Hugh D. Berkson is a partner at McCarthy, Lebit, Crystal & Liffman Co., L.P.A. ("McCarthy Lebit"), one of the two firms serving as Counsel for Calvin McCutchan ("Plaintiff"), and is one of the attorneys personally involved in this Action and responsible for its prosecution. Mr. Berkson has personal knowledge of the facts set forth below (except as to those exclusively within the knowledge of the other declarant herein) and, if called as a witness, could and would testify competently thereto.

2.  Alan L. Rosca is founding partner of Rosca Scarlato LLC ("Rosca Scarlato"), one of the two firms serving as Counsel for Plaintiff in this Action. Mr. Rosca is also one of the attorneys personally involved in the Action and is responsible for its prosecution. Mr. Rosca has personal knowledge of the facts set forth below (except as to those exclusively within the knowledge of the other declarant herein) and, if called as a witness, could and would testify competently thereto.

3.  On January 24, 2020, Plaintiff filed a putative class action complaint ("Initial Complaint" or "Complaint") in this Court against Defendant Infinera Optical Networks, Inc. (formerly known as Coriant Operations, Inc.) ("Defendant" or "Coriant"), and former defendants Infinera Corporation ("Infinera") and the Coriant 401(k) Plan (the "Plan"), alleging violations of the Employee Retirement Income Security Act ("ERISA").

4.  The facts of the Complaint state that Plaintiff was an employee of Coriant Operations, Inc. and a participant of the Plan, which offered participants an investment option known as the Gibraltar Guaranteed Fund ("GGF"). Under the terms of the GGF, participants would receive the book value of the GGF investment if the participant elected to terminate the investment, however, participants would receive the market value of the GGF investment if the Plan were to terminate the investment. On July 23, 2018, Infinera announced its intention to acquire Coriant. A condition of the acquisition required Coriant to terminate the Plan prior to October 1, 2018, when the Infinera acquisition would be final.

5.  The Initial Complaint alleges that that Defendants were fiduciaries of the Plan and that they breached the fiduciary duties owed to the Plan's participants, including Plaintiff, and engaged in actions prohibited under ERISA by failing to timely and adequately notify Plan participants that the Plan's GGF investment would be terminated so that Plan participants could

terminate their investment to receive book value and avoid losses. The Complaint sought damages and equitable relief against Defendants under ERISA §§ 502(a)(1)(B) and 502 (a)(2). Defendants moved to dismiss Plaintiff's Initial Complaint, which the Court granted in part and denied in part. The court dismissed Infinera as a defendant and dismissed Plaintiff's claim against the Plan. The Court sustained Plaintiff's claim for breach of fiduciary duty against Defendant under ERISA § 502(a)(2). ECF No. 37.

6. On July 6, 2022, the parties, and Defendant's insurers, met with mediator Robert A. Meyer of JAMS, who has substantial experience mediating ERISA cases, for a full day mediation at the JAMS office in Century City, California. Class Counsel relied on the arguments in Defendant's mediation statement, Plaintiff's mediation statement, and Mr. Meyer's proposal for achieving the settlement amount after considering all relevant factors.

7. The parties reached an agreement as to the monetary component of the settlement by the end of the mediation and signed a Term Sheet ("Term Sheet"), which outlined the primary elements of settlement. After signing the Term Sheet, the parties continued to make headway toward resolution. On August 12, 2022, the parties filed a Notice of Settlement in Principle. ECF No. 60. The Court granted the parties' requests to stay all discovery and any pending deadlines, so that the parties could attempt to bring the matter to a final resolution. ECF No. 61.

8. Over the next three (3) months, the parties continued to negotiate the terms of the settlement. During these negotiations, Class Counsel continued to investigate the facts, circumstances, and legal issues, including: (a) inspecting, reviewing, and analyzing documents produced by or publicly available relating to Defendant and the Plan; (b) further researching the applicable law; and (c) further researching and analyzing governmental and other publicly available sources concerning Defendant and the Plan.

9. After months of ongoing negotiations over numerous non-monetary terms, the parties reached an agreement, effective November 2, 2022, memorialized in the Settlement Agreement and Release ("Settlement Agreement"). The Settlement Agreement now before the Court is a comprehensive agreement based on the initial term sheet and months of further negotiation.

10. The Settlement is the result of extensive, thorough, adversarial arm's-length negotiations, and provides significant benefits to the Settlement Class, while removing the risks, costs, and delays associated with further litigation. The Settlement represents an excellent result for the Class, representing over 41% of the $2,403,156 difference between book value of the GGF and market value of the Class Members' investments (arguably, the maximum provable damages). Class Counsel and the Plaintiff have concluded that the Settlement is fair, reasonable, and adequate, and should be presented to the Court for approval.

11. The Settlement Agreement provides for a total payment of $1,000,000, which will be distributed to the participants in and beneficiaries of the Plan who invested in the GGF during the relevant period. Class Counsel will ask the Court to award a fee amount not to exceed 33% of the Settlement Amount, and for the following costs and expenses: (1) Class Counsel's litigation expenses, which will include the costs associated with the Independent Fiduciary, Class Notice, and the Settlement Administrator; and (2) a Case Contribution Award to the Plaintiff in the amount of $5,000 in light of his substantial contributions to the litigation, as described below. Before bringing this action, Class Counsel, along with the assistance of the Plaintiff, conducted an in-depth investigation, which included review and analysis of: (i) publicly available information concerning the Plan and the GGF; (ii) governing Plan documents; (iii) annual Plan financial

reports; (iv) the agreement establishing the Plan's investment in the Contract and amendments and riders thereto; and (v) communications to Plan participants concerning the GGF.

12. Class Counsel conducted an extensive investigation of the Defendant and Infinera and of the alleged losses suffered by the Plan as a result of the alleged breaches of fiduciary duty, and concluded that the maximum provable damages were just over $2.4 million. The Settlement recovers over 41% of that amount. The parties also engaged in pre-mediation discovery, in which Defendant produced documents necessary for Class Counsel to assess the benefits of settling the case when balanced against the merits and the risks of further litigation. As part of this pre-mediation discovery, Class Counsel reviewed many publicly available documents and documents produced by Defendant, including documents and materials governing the Plan, documents describing the process by which the Investment was terminated, and Defendant's and Infinera's Securities and Exchange and insurance regulatory filings.

13. Throughout the course of the litigation and during the parties' negotiations, the Plaintiff advised and participated in the litigation investigation and strategy, collected and produced documents, reviewed and approved the Complaint and other major filings, maintained contact with Class Counsel, participated in the mediation and stayed abreast of settlement negotiations thereafter, and reviewed and approved the Settlement Agreement.

14. Class Counsel have extensive experience in employee benefits and class action litigation, as described below.

15. Rosca Scarlato is well-versed in ERISA litigation, its attorneys are leading class actions litigators, and they possess expertise in the type of claims brought in this action. Through their prior firms, including most recently Goldman Scarlato & Penny, P.C., Rosca Scarlato founding partners Alan Rosca and Paul Scarlato have represented the interests of victims of

securities fraud, violations of ERISA, corporate misconduct, anticompetitive conduct, deceptive consumer practices, and unscrupulous financial advisors. For example, Rosca Scarlato litigated class action cases involving breach of fiduciary duties that resulted in significant losses to investors, including the *Aleem v. Pearce & Durick* and *Yao-Yi Liu et al. v. Wilmington Trust Company* class cases.[1] Attorneys at the firm are involved in all aspects of investment litigation, from arbitration to state court actions and federal multidistrict litigation. *See also* https://investorlawyers.org/representative-cases/.

16. McCarthy, Lebit, Crystal & Liffman Co., L.P.A.'s practice includes the representation of businesses and individuals who have suffered losses in investments or retirement plans due to negligence, breach of fiduciary duty, and fraud. Hugh Berkson has extensive experience litigating claims related to 401(k) and other tax-deferred investments or plans. He has also litigated specific ERISA claims previously.

17. The Class Notice (attached as Exhibit A-2 to the Settlement Agreement, which is attached as Exhibit A) describes the Settlement in clear and plain terms; the considerations that caused Plaintiff and Class Counsel to conclude that the Settlement is fair and adequate; the maximum attorneys' fees and expenses and Case Contribution Award for the Plaintiff that may be sought; the procedure for objecting to the Settlement; the proposed Plan of Allocation; and the date, time and place of the Fairness Hearing. The Class Notice also provides contact information for Class Counsel: (1) a toll-free number which potential Class members may call to ask questions or learn about the Settlement, (2) an email address for inquiries, and (3) a website address to receive further information.

---

[1] *Aleem v. Pearce & Durick,* Case No. 1:15-cv-85 (D.N.D); and *Yao-Yi Liu et al. v. Wilmington Trust Company* 6:14-CV-06631 EAW (W.D.N.Y.).

18. Attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement entered into by the Parties.

19. Attached hereto as Exhibit A-1 is a true and correct copy of the Second Amended Complaint, as stipulated by the parties to accompany and support the Settlement.

20. Attached hereto as Exhibit A-2 is a true and correct copy of the Class Notice.

21. Attached hereto as Exhibit A-3 is a true and correct copy of the [Proposed] Order of Preliminary Approval of Settlement.

22. Attached hereto as Exhibit B are the Biographies of Class Counsel's lawyers who worked on this matter.

23. Attached hereto as Exhibit C is the brochure of Strategic Claims Services, the proposed Settlement Administrator in connection with the proposed Settlement.

24. Attached hereto as Exhibit D is the Proposed Schedule of Events by the Parties.

25. Attached hereto as Exhibit E is the [Proposed] Order for Class Certification for Settlement.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of November 2022 in Cleveland, Ohio.

**MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A**.

*/s/ Hugh D. Berkson*
Hugh D. Berkson (*admitted pro hac vice*)
1111 Superior Ave., Suite 2700
Cleveland, OH 44114
Telephone: (216) 696-1422
Email: hdb@mccarthylebit.com

**ROSCA SCARLATO LLC**

*/s/ Alan L. Rosca*
Alan L. Rosca (admitted *pro hac vice*)
23250 Chagrin Blvd., Suite 100
Beachwood, OH 44122
Telephone: (216) 946-7070
Email: arosca@rscounsel.law

***Counsel for Plaintiff Calvin McCutchan***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November 2022, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties registered for electronic service by operation of the Court's electronic filing system. The parties may access the filing through the Court's system.

Respectfully submitted,

 */s/ Hugh D. Berkson*
Hugh D. Berkson (OH 0063997)