# EXHIBIT A-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN McCUTCHAN,<br>    Plaintiff,<br> vs.<br>CORIANT OPERATIONS, INC., INFINERA CORPORATION, CORIANT 401(k) PLAN, and DOES 1-20,<br>    Defendants. | Case No. 1:20-cv-00561 (CPK) |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT OF ERISA LITIGATION, FINAL APPROVAL HEARING CONCERNING SETTLEMENT, MOTION FOR ATTORNEY'S FEES AND EXPENSES, AND CASE CONTRIBUTION AWARD

This notice ("Notice") advises you of a proposed settlement (the "Settlement") of a class action litigation brought by Plaintiff and proposed class representative Calvin McCutchan ("Class Representative") on behalf of himself, the Coriant 401(k) Plan (the "Plan"), and as the representative of the Settlement Class against Defendant Infinera Optical Networks, Inc. (formerly known as Coriant Operations, Inc.) ("Defendant"). As described in more detail below, this Settlement is made in compromise of claims made by Plaintiff, for himself and on behalf of all others similarly situated, against Defendant in the litigation (the "Action").

**You are receiving this Notice because you may be:**
A former participant in the Plan who had funds in his or her Plan account invested in the Gibraltar Guaranteed Fund (the "GGF") around October 15, 2018, any beneficiary of a deceased person who was such a participant, or any alternate payee in the case of a person who was such a participant in the Plan and whose account in the Plan was subject to a qualified domestic relations order ("QDRO"). Excluded from the Class are Defendant's current officers and directors, and all individuals who were members of the Plan's Investment Committee or Administrative Committee at any time from July 23, 2018, through October 15, 2018.

**PLEASE READ THIS NOTICE CAREFULLY.**

**A FEDERAL COURT AUTHORIZED THIS NOTICE.**

**THIS IS NOT A SOLICITATION. YOU HAVE NOT BEEN SUED.**

The United States District Court for the Northern District of Illinois (the "Court") has preliminarily approved this Settlement, and has scheduled a Final Approval Hearing to evaluate the fairness and adequacy of the settlement. At the hearing, the Court will consider Plaintiff's requests for approval of the Settlement, for class certification, for approval of a Plan of Allocation of the Settlement Amount, for an award of Attorney's Fees and Expenses, and for a Case Contribution Award to the

**Questions?** Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004 Or Email: office@rscounsel.law.
**DO NOT CALL THE COURT**
**They cannot answer questions.**

2

Class Representative. The hearing has been scheduled for __, _____, 2023, at _:_ _.m. (CST) in Courtroom 2325 of the United States District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604.

The terms of the Settlement are contained in the Settlement Agreement and Release (the "Settlement Agreement"), a copy of which is available at www.strategicclaims.net/coriant401k/ or by contacting the lawyers for the Class ("Class Counsel") identified below. Capitalized terms used in this Notice and not defined herein have the meanings assigned to them in the Settlement Agreement. The Settlement will provide for check payments made out to the Plan participants and/or beneficiaries defined in the Settlement Class. The Settlement is summarized below.

Any questions regarding the Settlement should be directed to Class Counsel, Rosca Scarlato LLC and McCarthy, Lebit, Crystal & Liffman Co., LPA via e-mail at office@rscounsel.law or via phone at 866-998-0530. Please do not contact the Court, the Defendant or the lawyers for Defendant. They will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY.**

**IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS.**

**YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE.**

**IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING.**

**IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT ||
|---|---|
| IF YOU REVIEWED THIS NOTICE BY MAIL, NO ACTION IS NECESSARY TO RECEIVE PAYMENT. | If the Settlement is approved by the Court and you are a member of the Class, you do not need to do anything to receive a payment. The portion, if any, of the Net Settlement Fund to be allocated to you will be calculated as part of the Settlement distribution. Any share of the Net Settlement Fund to which you are entitled will be sent to the address of record. |

Questions?   Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.
**DO NOT CALL THE COURT**
**They cannot answer questions.**

7078441

| | |
|---|---|
| IF YOU BELIEVE YOU RECEIVED THIS NOTICE BY MISTAKE, PLEASE CONTACT US. | Contact Class Counsel and/or the Settlement Administrator to confirm whether you are a member of the Class or whether this notice was intended for a different recipient.<br>Please email **office@rscounsel.law**. |
| IF YOUR ADDRESS IS INCORRECT, IF IT HAS CHANGED, OR IF YOU DID NOT RECEIVE NOTICE IN THE MAIL OR VIA EMAIL, PLEASE CONTACT US. | Contact Class Counsel and/or the Settlement Administrator to update your address of record. This will confirm that your share of the Settlement will be sent to your correct address. **If we do not have your correct address, you may not receive your payment.**<br>Please email **office@rscounsel.law**. |
| YOU CAN OBJECT NO LATER THAN _____, 2023. WRITTEN OBJECTIONS MUST BE FILED WITH THE COURT BY THIS DATE. | If you wish to object to any part of the Settlement, you can write to the Court and explain why you do not like the Settlement. |
| YOU CAN GO TO THE HEARING ON _____, 2023, at \_\_.m. **CST** BY FILING A NOTICE OF INTENTION TO APPEAR NO LATER THAN _____, 2023. | If you have submitted a written objection, you can ask to speak in Court about the fairness of the Settlement. You may enter your appearance in Court through an attorney if you so desire. |

## WHAT THIS NOTICE CONTAINS

**SUMMARY OF SETTLEMENT** ........................................................................................................... **4**

**BASIC INFORMATION** ...................................................................................................................... **6**

   1.   **Why did I get this Notice package?** ........................................................................ **6**

   2.   **Why is this case a class action?** ............................................................................. **7**

   3.   **What is the Action about? What has happened so far?** ................................... **7**

   4.   **Why is there a Settlement?** .................................................................................... **8**

   5.   **How do I know whether I am part of the Settlement?** ..................................... **9**

   6.   **What does the Settlement provide?** ..................................................................... **9**

**Questions?  Visit www.strategicclaims.net/coriant401k**
**Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.**
**DO NOT CALL THE COURT**
**They cannot answer questions.**
14

7078441

7. How will the Settlement be distributed? What will be my Share of the Settlement Fund?........................................................................................................................... 9

8. When would I receive my payment? ...................................................................... 11

9. Can I exclude myself from the Settlement? ............................................................ 11

10. What rights am I giving up in the Settlement? ....................................................... 11

**THE LAWYERS REPRESENTING YOU** ................................................................... 13

11. Do I have a lawyer in the case?............................................................................... 13

12. How will the lawyers be paid? ................................................................................ 13

**OBJECTING TO THE SETTLEMENT** ....................................................................... 13

13. How do I tell the Court if I don't like the Settlement? ........................................... 13

**THE COURT'S FINAL APPROVAL HEARING**........................................................ 14

14. When and where will the Court decide whether to approve the Settlement?.......... 15

15. Do I have to come to the hearing?........................................................................... 15

16. May I speak at the hearing? .................................................................................... 15

This Action was filed in federal district court in Illinois. The Plaintiff and Defendant collectively are referred to herein as the "Parties." As described in more detail below and in the Complaint, the Action concerns allegations that Defendant breached fiduciary duties it owed to participants in the Plan and engaged in prohibited transactions. Defendant contends that Plaintiff's allegations lack merit and has denied all liability in this lawsuit. A copy of the Complaint and other documents relevant to this Settlement, including the Settlement Agreement, are available at **www.strategicclaims.net/coriant401k/**.

## SUMMARY OF SETTLEMENT

The Settlement Amount will be $1,000,000.00. The Net Settlement Fund will consist of the Settlement Amount less certain amounts described in the Settlement Agreement, including expenses associated with Administration Costs, an Independent Fiduciary, Court-approved Attorney's Fees and Expenses, and a Class Representative Case Contribution Award ("Case Contribution Award"), and other costs related to the administration of the Settlement and implementation of the Plan of Allocation. The Net Settlement Fund will be allocated among the Settlement Class in accordance with the Plan of Allocation to be approved by the Court. (See Question 7 below for details of the Plan of Allocation).

The Settlement Class consists of the following persons:

Questions?   Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.
**DO NOT CALL THE COURT**
**They cannot answer questions.**
14

All participants in the Plan who experienced a loss due to liquidation at market value of their GGF investments, any beneficiary of a deceased person who was such a participant in the Plan, and any alternate payee in the case of a person who was such a participant in the Plan and whose account in the Plan was subject to a qualified domestic relations order ("QDRO").

Excluded from the Class are the current officers and directors of Defendant Infinera Optical Networks, Inc. (formerly known as Coriant Operations, Inc.), and all individuals who were members of the Plan's Investment Committee or Administrative Committee at any time from July 23, 2018, through October 15, 2018.

This Settlement represents, in the view of Class Counsel, the best possible monetary result that could be achieved for the Class in light of the significant risks Plaintiff faced in the Action. As with any litigation, the Parties would face an uncertain outcome if this Action were to continue against the Defendant. Continued litigation of this Action against the Defendant could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all.

Throughout this Action, the Plaintiff and the Defendant have disagreed on both liability and damages. The Defendant, among other things: (1) has denied, and continues to deny, the material allegations of the Complaint; (2) has denied, and continues to deny, any wrongdoing or liability whatsoever; (3) believes that it acted at all times reasonably and prudently and in accordance with applicable law with respect to the Plan, its participants and beneficiaries, and the Settlement Class; (4) would assert certain other defenses if this Settlement is not consummated; and (5) is entering into the Settlement solely to avoid the cost, disruption, and uncertainty of litigation.

The Class Representative and Class Counsel have conducted an extensive investigation into the facts, circumstances, and legal issues associated with the allegations made in the Action. Based on the risks of the litigation, the time necessary to achieve a complete resolution through litigation, the complexity of the claims set forth in the Complaint, and the benefits accruing to the Plan participants and beneficiaries under the Settlement, Class Counsel believe that the Settlement will provide a benefit to the Settlement Class. When this benefit is weighed against the risks and delay of continuing the prosecution of the Action, the Settlement represents a reasonable, fair, and adequate resolution of the claims of the Settlement Class.

**Attorney's Fees and Expenses:** Court-appointed Class Counsel will file a motion for an award of Attorney's Fees and Expenses, and for the costs of Notice and Settlement Administration, which will be considered by the Court at the Final Approval Hearing. Class Counsel will apply for a total fee award not to exceed 33% of the Settlement Amount. Costs incurred for the Notice, Settlement Administrator, Independent Fiduciary, and a Case Contribution Award of up to $5,000 for the Class Representative are separate costs and fees. Any such award will be at the sole discretion of the Court. Any Court-awarded fees, expenses, and Case Contribution Award will be paid from the Settlement Fund.

Questions?   Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.
**DO NOT CALL THE COURT**
**They cannot answer questions.**

7078441

**Please visit www.strategicclaims.net/coriant401k/ if you have additional questions.**

## BASIC INFORMATION

1. **Why did I get this Notice package?**

Either you or someone in your family is or was a participant in the Plan who had a portion of your, his, or her Plan account(s) invested in the GGF on October 15, 2018, a beneficiary of a deceased person who was such a participant, or any alternate payee in the case of a person who was such a participant in the Plan and whose account in the Plan was subject to a QDRO. The Court has directed that this Notice be sent to you because, as a potential member of the Class, you have a right to know about the proposed Settlement with Defendant before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and all related objections and appeals are favorably resolved, the Class Members will be bound by the Settlement Agreement and the releases contained in it and the Settlement Fund will be allocated among the Settlement Class according to a Court-approved Plan of Allocation, as set forth in the Settlement Agreement.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you will receive your portion of the benefits. The purpose of this Notice is to inform you of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and to consider the application of Class Counsel for their Attorney's Fees and Expenses as well as an application for a Case Contribution Award to the Class Representative.

The Final Approval Hearing will be held on___, 2023, at _____ CST before the Honorable Charles P. Kocoras in the United States District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, Courtroom 2325 to determine:

(a) Whether the Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b) Whether final judgment approving the Settlement Agreement should be entered;

(c) Whether the Class should be certified as a mandatory non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

(d) Whether the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Notice to members of the Settlement Class;

(e) Whether the requirements of the Class Action Fairness Act have been satisfied;

**Questions?   Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.
DO NOT CALL THE COURT
They cannot answer questions.**
14

7078441

  (f)  Whether to approve a Case Contribution Award to the Class Representative and if so, the amount; and

  (g)  Whether to award Attorney's Fees and Expenses to Class Counsel who represent the members of the Settlement Class and if so, the amounts.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, the Settlement provisions will become effective after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year. Please be patient.

  **2.**  **Why is this case a class action?**

In a class action, one or more plaintiffs sue on behalf of people who have similar claims. All of the individuals on whose behalf the Plaintiff is representing in this action are "Class Members," and they are also referred to in this Notice as members of the Settlement Class. The Court resolves the issues for all Class Members. The Honorable Charles P. Kocoras, United States District Judge, is presiding over this case.

  **3.**  **What is the Action about? What has happened so far?**

On January 24, 2020, Plaintiff Calvin McCutchan filed a class action Complaint in this Court against Defendant and former defendants Infinera Corporation and the Coriant 401(k) Plan alleging violations of ERISA, the federal law governing retirement plans. The complaint is on behalf of a proposed class of participants in and beneficiaries of the Plan, who had invested some or all of their Plan Accounts in the GGF. The GGF was invested in large part through a contract between the Plan and an investment manager, Prudential Retirement Insurance and Annuity Company ("PRIAC"), and Prudential Financial Inc (collectively "Prudential"). The Complaint alleges that Defendant did not provide proper notice of the decision to terminate the Plan and liquidate the GGF option, and that this was a violation of the fiduciary duties that the Defendant owed to the Plan's participants and harmed the Plaintiff and the Class Members. Due to the termination of the Plan, the GGF needed to be liquidated, but Plaintiff alleges that the Plan participants did not receive adequate notice and were forced to liquidate at market value, rather than book value, and lost money in the investment.

Defendant contends that Plaintiff's allegations are without merit and deny that they have any liability to the Plan or its participants or beneficiaries. If the litigation were to continue, Defendant would raise numerous defenses to liability and other arguments, including the following:

- Defendant had no fiduciary duty to issue the type of notice Plaintiff claims was required in this lawsuit;

- Defendant fully discharged its fiduciary duties in a manner wholly consistent with ERISA and the applicable body of case law interpreting ERISA;

    **Questions?**  Visit **www.strategicclaims.net/coriant401k**
    **Or Call Toll Free 866-274-4004 Or Email: office@rscounsel.law.**
        **DO NOT CALL THE COURT**
        **They cannot answer questions.**

7078441

- The alleged breach of fiduciary duty did not cause the losses alleged by the Plaintiff; and,

- The Action should not be certified as a class action.

Class Counsel have conducted an extensive investigation of the Defendant's actions and of the alleged losses suffered by the Plan participants as a result of the claimed breaches of fiduciary duty alleged in the Action. Through that investigation and production of further information by Defendant in the Action, Class Counsel have obtained and reviewed many documents, including documents and materials governing the Plan, communications with Plan participants, internal Defendant documents regarding the Plan, Coriant's filings with government agencies, and other documents. Class Counsel have conducted a thorough review and analysis of these materials and confirmed that the Settlement, representing over 41% of the $2,403,156 difference between book value of the GGF and market value of the Class Members' investments (arguably, the maximum provable damages), is fair, reasonable, and adequate and in the best interest of the Settlement Class.

Class Counsel successfully opposed motions to dismiss the entire Action for failure to state a claim upon which relief may be granted. A copy of the Court's January 11, 2021 opinion is available at www.strategicclaims.net/coriant401k. However, if the Action were to continue, Class Counsel would expect that Defendant would file a motion for summary judgment later in the case and there is no guarantee that Plaintiff will be successful in opposing that motion. Further, if the claims survive summary judgment, the case would face an uncertain result at trial, or subsequently on appeal to the Seventh Circuit Court of Appeals. The proposed Settlement, if approved, eliminates those litigation risks.

This Settlement is the product of intense, arm's-length negotiations between Class Counsel and Defendant's Counsel facilitated through an experienced mediator with substantial experience mediating actions of this type. Counsel conducted numerous meetings and conferences in which the terms of the Settlement were extensively debated and negotiated.

4.  **Why is there a Settlement?**

Under the proposed Settlement, the Court will not decide the merits of the case in favor of either Plaintiff or the Defendant. By agreeing to a Settlement, both Plaintiff and the Defendant avoid the costs, risks, and delays of litigating the Action.

As with any litigation, the Plaintiff would face an uncertain outcome if this case proceeded, including the risk of not prevailing at trial. On the one hand, pursuing the case against the Defendant could result in a verdict offering relief greater than the Settlement. On the other hand, continuing the case against the Defendant could result in a verdict for less money than the Class Representative has obtained in the Settlement, or even in no recovery at all. Based on these risks and an evaluation of the particular risks presented by this case, the Class Representative and Class Counsel believe the Settlement is in the best interests of all Class members. Additional information concerning the Settlement and these factors is available in the motion for preliminary approval of

Questions?   Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.
**DO NOT CALL THE COURT**
**They cannot answer questions.**
14

7078441

the Settlement Agreement, which may be obtained at www.strategicclaims.net/coriant401k/.

5. **How do I know whether I am part of the Settlement?**

The Court has preliminarily certified this Action as a class action for settlement purposes only. The Settlement Class consists of the following persons: All participants in the Plan who experienced a loss due to liquidation at market value of their GGF investments, any beneficiary of a deceased person who was such a participant in the Plan, and any alternate payee in the case of a person who was such a participant in the Plan and whose account in the Plan was subject to a qualified domestic relations order ("QDRO").

Excluded from the Class are Defendant's current officers and directors, and all individuals who were members of the Plan's Investment Committee or Administrative Committee at any time from July 23, 2018, through October 15, 2018.

If you are a member of the Settlement Class, your share of the Net Settlement Fund, if any, will be determined by the Court-approved Plan of Allocation, described generally in Section 7 below.

6. **What does the Settlement provide?**

The Settlement Agreement provides for the total payment of $1,000,000.00. The Net Settlement Fund, calculated by subtracting from the $1,000,000 certain amounts as described in the Settlement Agreement, including expenses associated with Class Notice, an Independent Fiduciary, Court-approved Attorney's Fees and Expenses and Class Representative Case Contribution Award, taxes and other costs related to the administration of the Settlement Fund and implementation of the Plan of Allocation, will be allocated among and paid to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. Disbursement of the Net Settlement Fund to Settlement Class members will occur only after the Settlement has become final—that is, after all appeals relating to the Settlement are favorably decided and all appeal periods have expired.

The above description of the operation of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement, which may be obtained at www.strategicclaims.net/coriant401k.

7. **How will the Settlement be distributed?**

If you are a Class Member entitled to a share of the Net Settlement Fund, your share will be sent by check to your last known mailing address. You will have 90 days from the date the check is issued to cash your check before it becomes void. If you do not cash your check within 90 days, contact the Settlement Administrator, Strategic Claims Services, as soon as possible to see if they can re-issue your check.

If you are a former Plan participant or beneficiary and have not provided Defendant with your current address, please contact the Settlement Administrator and/or Class Counsel immediately to update your contact information. mailto:office@rscounsel.law.

**Questions?** Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004 Or Email: office@rscounsel.law.
**DO NOT CALL THE COURT**
**They cannot answer questions.**

14

7078441

8.      **What will be my Share of the Settlement Fund?**

Class Counsel will request that the Court approve a proposed Plan of Allocation at the Final Approval Hearing. **The terms of the proposed Plan of Allocation are set forth below:**

*Calculation of Individual Class Member Allocations*

The Net Settlement Fund shall be allocated by the Settlement Administrator among the Settlement Class Members in proportion to their Individual Net Losses. For each Settlement Class Member, his or her reduction in Plan account balance due to the liquidation of the GGF at market value ("Individual Net Loss") shall be determined by the Settlement Administrator according to the following calculation:

i. Each Settlement Class Member's "final investment amount" in the GGF investment option as of October 15, 2018 shall be determined. Then, for each Class Member, the respective market value and book value of the final investment amount will be determined.

ii. Each Class Member's respective liquidation "Net Loss" will be estimated by finding the difference between the book value and market value of their final investment amount in the GGF investment option.

The Net Losses of the Settlement Class Members will be aggregated and each Settlement Class Member's percentage of such total Net Losses will be calculated on a pro rata basis. Applying that percentage to the Net Settlement Fund, the Settlement Administrator will calculate each Settlement Class Member's pro rata share of the Net Settlement Amount on a preliminary basis.

The Settlement Administrator will perform all calculations to determine each Settlement Class Member's share amount of the Net Settlement Fund. Neither Plaintiff and Plaintiff's Counsel, nor Defendant and Defendant's Counsel, shall be responsible or liable for any errors or omissions in such calculations.

If any Settlement Class Member with a share of the Net Settlement Fund greater than zero is deceased, such Settlement Class Member's share of the Settlement shall be administered in accordance with the terms of the Plan as of the date of the termination of the Plan.

Class Counsel will direct the Settlement Administrator to provide to Plaintiff's Counsel ten (10) days after the initial allocation of Net Settlement Fund a complete listing of the calculated allocations to each Settlement Class Member. Upon request by Plaintiff's Counsel or Defendant's counsel, the Settlement Administrator will provide information showing the basis for its calculation of the allocation amount for each Settlement Class Member.

Questions?   Visit **www.strategicclaims.net/coriant401k**
Or Call Toll Free **866-274-4004**  Or  Email: **office@rscounsel.law**.
**DO NOT CALL THE COURT**
**They cannot answer questions.**
14

The Settlement Administrator will reserve from the Settlement Fund the estimated Administration Costs. Within thirty (30) days after disbursement of the entire Settlement Fund as provided by the Settlement Agreement and this Plan of Allocation, the Settlement Administrator shall provide Plaintiff's counsel with a final report of the settlement administration and a detailed accounting of any Administration Costs.

You are not responsible for calculating the amount you may be entitled to receive under the Settlement. This calculation will be done as part of the implementation of the Settlement, and will be based on reasonably available data. Once calculated, the Settlement share amounts will be paid directly to each Class Member as specified under the Plan of Allocation. Each Class Member will be responsible for any taxes that may be owed on their Settlement share amount.

9. **When would I receive my payment?**

Payment is conditioned on several matters, including the Court's approval of the Settlement and that approval becoming final and no longer subject to any appeals. Upon satisfaction of various conditions, the Net Settlement Fund will be distributed to Settlement Class members after the Effective Date, which is date the applicable period to appeal the Final Approval Order and Judgment has expired, if no appeal is taken during such period. If there is an appeal of the Settlement approval, resolution of that appeal could take several years. The Settlement Agreement may be terminated on several grounds, including if the Court does not approve or otherwise modifies the terms of the Settlement. If the Settlement Agreement is terminated, the Settlement will also be terminated, and the Action will proceed as if the Settlement had not been reached.

10. **Can I exclude myself from the Settlement?**

You do not have the right to exclude yourself from the Settlement. For settlement purposes, the Action was certified as a class action under Federal Rule of Civil Procedure 23(b)(1) (non-opt- out class) because the Court determined the requirements of that rule were satisfied. As a result, it is not possible for any of the members of the Settlement Class to exclude themselves from the Settlement. As a member of the Settlement Class, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action against Defendant or are otherwise included in the release under the Settlement. Although members of the Settlement Class cannot opt out of the Settlement, they can object to the Settlement and ask the Court not to approve it. *See* Answer to Question No. 13, below.

11. **What rights am I giving up in the Settlement?**

If the Settlement is approved, the Court will enter a judgment (referred hereinafter as "Judgment"). As described below, pursuant to the Settlement Agreement, the Class Members will release certain individuals (the "Defendant Released Parties"), from certain claims ("the Released Claims").

The Defendant Released Parties include Defendant, Infinera, and Prudential, and each of their predecessors, successors, shareholders, current and former parents, subsidiaries, affiliates,

**Questions?** Visit www.strategicclaims.net/coriant401k
**Or Call Toll Free 866-274-4004 Or Email: office@rscounsel.law.**
**DO NOT CALL THE COURT**
**They cannot answer questions.**
14

7078441

divisions, related companies, assigns, current and former officers, directors, employees, trustees, fiduciaries, committees (including, but not limited to, the Plan's Investment Committee and Administrative Committee, with the exception of the Independent Fiduciary), investment consultants, recordkeepers (including the Recordkeeper), investment managers, administrators, actuaries, agents, insurers, representatives, vendors, attorneys, descendants, dependents, beneficiaries, marital community, heirs, executors, representatives, and administrators of the Defendant Released Parties.

Subject to the Settlement Agreement, the Released Claims include any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, obligations, losses, or liabilities (including claims for attorney's fees, expenses, or costs), for monetary, injunctive, and any other relief against the Defendant Released Parties through the date the Court enters the Final Approval Order and Judgment arising out of or in any way related to:

- the conduct alleged in or that could have been alleged in the Complaint by any Class Member, whether or not the conduct was actually included as claims for relief in the Complaint;

- PRIAC's termination of the Plan's participation in the GGF;

- the liquidation of the Plan's investment in the GGF by PRIAC; and

- the approval by the Independent Fiduciary of the Settlement.

With respect to the Released Claims, Class Members also waive to the fullest extent of the law: (a) the provisions, rights, and benefits of **Section 1542 of the California Civil Code, which provides that "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**"; and (b) any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable.

The Released Claims shall not include claims related to the enforcement of the Settlement Agreement, including, but not limited to, claims concerning the allocation and distribution of the Net Settlement Fund by the Settlement Administrator to the Class Members. The Released Claims shall not include any claims that cannot be waived by law.

Additionally, under the Settlement Agreement, the Defendant will release the Class Representative, Class Members, and Class Counsel from any claims relating to the Action.

Questions?    Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.
**DO NOT CALL THE COURT**
**They cannot answer questions.**
14

7078441

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in the case?**

The law firms of Rosca Scarlato LLC and McCarthy, Lebit, Crystal & Liffman Co., LPA represent the Class Representative and the Settlement Class ("Class Counsel"). You will *not* be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

Before the Final Approval Hearing, Class Counsel will submit a Fee and Expense Application to the Court for the time and money spent on the litigation. The application for Attorney's Fees will not exceed 33% of the Settlement Amount. That amount does not include litigation expenses, such as the costs of the Settlement Administrator and Independent Fiduciary, and any Case Contribution Award for the Class Representative. Any award of fees and expenses will be paid from the Settlement Fund, prior to the allocation and payment to the Settlement Class. The written application for fees and expenses, together with the application for a Case Contribution Award will be filed by _____, and the Court will consider this application at the Final Hearing. A copy of the fee application will be available at www.strategicclaims.net/coriant401k/.

To date, Class Counsel have not received any payment for their services in prosecuting this Action on behalf of the Settlement Class, nor have Class Counsel been reimbursed for their out- of-pocket expenses. The attorneys' fees requested would compensate Class Counsel for their efforts in achieving the Settlement for the benefit of the Class and for their risk in undertaking this representation on a contingency basis. The Court will determine the actual amount of the award.

The requested Case Contribution Award for the Class Representative is consideration for his substantial contributions to the Action, including collecting and producing documents, maintaining regular contact with Class Counsel, reviewing and approving the Complaint, staying abreast of settlement negotiations, and advising on the Settlement.

## OBJECTING TO THE SETTLEMENT

**14.    How do I tell the Court if I don't like the Settlement?**

Any member of the Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of Attorney's Fees and Expenses, or to the application for a Case Contribution Award for the Class Representative, may file an Objection in writing. All written objections and supporting papers must: (1) specifically state the basis and reasons for the objection; (2) whether the Objection is being made only by the objector, by a subset of the Class, or by the entire Class, (3) show proof of the objector's membership in the Class; (4) list the names and a summary of testimony of any witnesses that they intend to call in connection with the Objection; (5) clearly identify any documents and other evidence that are to be presented at the Final Approval Hearing in connection

**Questions?    Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.
DO NOT CALL THE COURT
They cannot answer questions.**
14

7078441

with the objection; (6) provide the name(s), address(es) and phone number(s) of any attorney(s) representing them; and (7) include their signature.

The addresses for filing objections with the Court and service on counsel are listed below. **Your written objection must be filed with the Court, and mailed or faxed to the counsel listed below by no later than _____ 2023:**

    **File with the Clerk of the Court:**

> Clerk of the Court
> U.S.D.C. Northern District of Illinois
> 219 South Dearborn Street
> Chicago, IL 60604
> Re: Civil Action No. 1:20-cv-00561

**And, by the same date, serve copies by mail or email to each of the following:**

| CLASS COUNSEL: | DEFENDANT'S COUNSEL: |
|---|---|
| Hugh D. Berkson<br>McCARTHY, LEBIT, CRYSTAL<br>& LIFFMAN CO., L.P.A.<br>1111 Superior Avenue East, Suite 2700<br>Cleveland, OH 44114<br>Telephone: (216) 696-1422<br>Email: hdb@mccarthylebit.com<br><br>Alan L. Rosca<br>ROSCA SCARLATO LLC<br>23250 Chagrin Blvd., Suite 100<br>Beachwood, OH 44122<br>Telephone: (216) 946-7070<br>Email: arosca@rscounsel.law | R. Bradford Huss<br>Clarissa A. Kang<br>TRUCKER HUSS, APC<br>135 Main Street, 9th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 788-3111<br>Email: bhuss@truckerhuss.com<br>          ckang@truckerhuss.com |

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY MEMBER OF THE CLASS WHO DOES NOT OBJECT IN THE MANNER DESCRIBED IN THIS NOTICE MAY BE DEEMED TO HAVE WAIVED ANY OBJECTION AND MAY BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEY'S FEES AND EXPENSES AND CASE CONTRIBUTION AWARD TO THE CLASS REPRESENTATIVE.**

### THE COURT'S FINAL APPROVAL HEARING

Questions? Visit www.strategicclaims.net/coriant401k
Or Call Toll Free 866-274-4004 Or Email: office@rscounsel.law.
**DO NOT CALL THE COURT**
**They cannot answer questions.**

### 15. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on _____, 2023, at ___ .m., CST, at the United States District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, Courtroom 2325.

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for Attorney's Fees and Expenses, and for a Case Contribution Award to the Class Representative. We do not know how long these decisions will take.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT, OR THE APPLICATION FOR ATTORNEY'S FEES AND EXPENSES, OR CASE CONTRIBUTION AWARD TO THE CLASS REPRESENTATIVE, YOU NEED NOT ATTEND THE FINAL APPROVAL HEARING.**

### 16. Do I have to come to the hearing?

No. At the hearing, Class Counsel will answer questions Judge Charles P. Kocoras may have. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be considered by the Court when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You may also have your own lawyer attend the Final Approval Hearing at your expense, but such attendance is not mandatory.

### 17. May I speak at the hearing?

If you are a member of the Class and you have filed a timely objection, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Final Approval Hearing in *McCutchan v. Coriant Operations, Inc., et al.,* Case No. 1:20-cv-00561 (CPK)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be served on Class Counsel, c/o Rosca Scarlato LLC and McCarthy, Lebit, Crystal & Liffman Co., LPA no later than _____ 2023 and must be filed with the Clerk of the Court, postmarked no later than _____, 2023 (at the address set forth under Question 13 above).

The Final Approval Hearing may be delayed by the Court without further notice to the Class. If you wish to attend the Final Approval Hearing, you should confirm the date and time with Class Counsel.

**Questions?   Visit www.strategicclaims.net/coriant401k**
**Or Call Toll Free 866-274-4004  Or  Email: office@rscounsel.law.**
**DO NOT CALL THE COURT**
**They cannot answer questions.**
14