# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CALVIN McCUTCHAN,<br><br>            Plaintiff,<br><br>vs.<br><br>CORIANT OPERATIONS, INC., INFINERA CORPORATION, CORIANT 401(k) PLAN, and DOES 1-20,<br><br>            Defendants. | Case No. 1:20-cv-00561 (CPK) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING THE CLASS FOR
THE PURPOSE OF SETTLEMENT, APPOINTMENT OF CLASS
REPRESENTATIVE AND CLASS COUNSEL**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiff's Class Action Complaint, dated January 24, 2020, with respect to the Coriant's 401(k) Plan (the "Plan") with an investment option known as the Gibraltar Guaranteed Fund ("GGF"). On behalf of the Class, Plaintiff and Defendant (the "Parties") have entered into a proposed Settlement of the litigation, and the terms of which are set forth in in the Settlement Agreement and Release ("Settlement Agreement" of "Agreement").[1] Pursuant to the Agreement the Parties have stipulated to a proposed Class for the purpose of Settlement only.[2]

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Order as if set forth fully herein.

[2] Should the Settlement Agreement between the Parties be terminated for any reason, Defendant reserves its right to oppose class certification on any applicable basis.

7078616

Presented to the Court for preliminary approval is Plaintiff's Unopposed Motion for Certification of the Class for Purposes of Settlement pursuant to Fed. R. Civ. P. 23(b)(1) (the "Class Motion"), which was filed contemporaneously with Plaintiff's Unopposed Motion for Preliminary Approval of Settlement Agreement and for Leave to Amend First Amended Complaint, ("Preliminary Approval Motion"), pursuant to which the Court has considered, among other things, whether to certify preliminarily a Class for settlement, to appoint Plaintiff as Class Representative, and to appoint Plaintiff's Counsel as Class Counsel, and set a date and time for the Final Approval Hearing. Upon reviewing the Class Certification Motion, the documents submitted in support of the Class Certification Motion and Preliminary Approval Motion, and the record in this action, **it is hereby ORDERED, ADJUDGED AND DECREED as follows**:

1. **Class Findings**. The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Class" defined below, in that:

    a. Rule 23(a)(1) is satisfied. The Court preliminarily finds that the Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Class are so numerous that their joinder before the Court would be impracticable.

    b. Rule 23(a)(2) is satisfied. The Court preliminarily finds that there are one or more questions of fact and/or law common to the Class.

    c. Rule 23(a)(3) is satisfied. The Court preliminarily finds that the claims of Calvin McCutchan (the "Class Representative") are typical of the claims of the Class.

    d. Rule 23(a)(4) is satisfied. The Court preliminarily finds that the Class Representative will fairly and adequately protect the interests of the Class in that:

7078616

      (i) the Class Representative's interests and the nature of claims alleged are consistent with those of the Class Members; (ii) there appear to be no conflicts between or among the Class Representative and the Class; and (iii) the Class Representative and Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

e. Rule 23(b)(1) is satisfied. The Court preliminarily finds that the prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendant; or (ii) adjudications as to individual Class Members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

f. Rule 23(g) is satisfied. The Court preliminarily finds that Rosca Scarlato LLC and McCarthy, Lebit, Crystal & Liffman Co., LPA ("Class Counsel") are capable of fairly and adequately representing the interests of the Class. Class Counsel have done extensive work identifying and investigating potential claims in the action, successfully opposed motions to dismiss filed by Defendant and Infinera, reviewed documents produced to them by Defendant and Infinera, and negotiated the Settlement through a several-month-long process, including mediation. Class Counsel are experienced in handling ERISA cases, class actions, and claims of the type asserted in this Action. Class Counsel are knowledgeable about the applicable law and have committed the necessary resources to represent the Class.

7078616

2. **Class Certification**. Based on the findings set forth above, the Court preliminarily certifies the following non-opt out class under Federal Rule of Civil Procedure 23(b)(1) and 23(e) in this litigation (the "Class"):

> All participants in the Plan who experienced a loss due to liquidation at market value of their GGF investments, any beneficiary of a deceased person who was such a participant in the Plan, and any alternate payee in the case of a person who was such a participant in the Plan and whose account in the Plan was subject to a qualified domestic relations order ("QDRO").
>
> Excluded from the Class are the current officers and directors of Defendant Infinera Optical Networks, Inc. (formerly known as Coriant Operations, Inc.), and all individuals who were members of the Plan's Investment Committee or Administrative Committee at any time from July 23, 2018, through October 15, 2018.

The Court preliminarily appoints Calvin McCutchan as the Class Representative, and Rosca Scarlato LLC and McCarthy, Lebit, Crystal & Liffman Co., LPA as Class Counsel.

3. **Objections to Class Certification.** Any member of the Class who wishes to object to the certification of the Settlement Class, appointment of the Class Representative, appointment of Class Counsel, or Class Notice, may timely file an Objection in writing no later than 18 days prior to the Final Approval Hearing. All written objections and supporting papers must: (1) clearly identify the case name and number "*McCutchan v. Coriant Operations, Inc., et al*., No. 1:20-cv-00561 (CPK)" (2) be filed with the Court and postmarked and mailed or faxed to Class Counsel and Defendant's Counsel at the addresses below on or before 18 days prior to the Final Approval Hearing; (3) set forth the objector's full name, current address, and telephone number; (4) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (6) provide copies of all documents that the objector wishes to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; and (8) include the

7078616

objector's signature.

The addresses for filing objections with the Court and service on counsel are as follows:

**The Court:**

Clerk of the Court
U.S. District Court Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**Class Counsel:**

| | |
|---|---|
| **Alan L. Rosca** | **Hugh D. Berkson** |
| ROSCA SCARLATO LLC | McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A. |
| 23250 Chagrin Blvd., Suite 100 | 1111 Superior Avenue East, Suite 2700 |
| Beachwood, OH 44122 | Cleveland, OH 44114 |
| Telephone: 216-946-7070 | Telephone: (216) 696-1422 |
| Email: arosca@rscounsel.law | Email: hdb@mccarthylebit.com |

**Defendants' Counsel:**

**R. Bradford Huss**
**Clarissa A. Kang**
TRUCKER HUSS, APC
135 Main Street, 9th Floor
San Francisco, CA 94105
Telephone: (415) 788-3111
Email: bhuss@truckerhuss.com
ckang@truckerhuss.com

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must file the objection with the Court by no later than 18 days prior to the Final Approval Hearing. Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph may be deemed to have waived, and may be foreclosed from raising, any objection to the Settlement, and any untimely objection may be barred.

7078616

4. **Appearance at Final Approval Hearing**. Any objector who files and serves a timely, written objection in accordance with paragraph 3 above, may also appear at the Final Approval Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) no later than 14 days prior to the Final Approval Hearing. Any objector who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

5. **Service of Papers**. Defendant's counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

DATED this ___ day of _____, 2022.

_____
Judge Charles P. Kocoras
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF ILLINOIS

7078616