IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| CALVIN McCUTCHAN,<br><br>        Plaintiff,<br><br>vs.<br><br>CORIANT OPERATIONS, INC.,<br>INFINERA CORPORATION, CORIANT<br>401(k) PLAN, and DOES 1-20,<br><br>        Defendants. | Case No. 1:20-cv-00561 (CPK) |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT,
APPROVING NOTICE TO THE CLASS, PERMITTING FILING OF A
SECOND AMENDED COMPLAINT, AND SCHEDULING FINAL
APPROVAL HEARING**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiff's Class Action Complaint, dated January 24, 2020, with respect to the Coriant's 401(k) Plan (the "Plan") with an investment option known as the Gibraltar Guaranteed Fund ("GGF").[1]

Presented to the Court for preliminary approval is a proposed Settlement of the litigation as against Defendant Infinera Optical Networks, Inc. (formerly known as Coriant Operations, inc.) ("Defendant"). The terms of the proposed Settlement are set forth in the Settlement Agreement and Release (the "Settlement Agreement" or "Agreement"), fully executed on November 2, 2022, on behalf of the Class Representative and Defendant (the "Parties"). Plaintiff has filed an Unopposed

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Order as if set forth fully herein.

7078609

Motion for Preliminary Approval of Settlement Agreement and for Leave to Amend First Amended Complaint ("Preliminary Approval Motion") and a contemporaneous Motion for Class Certification for Settlement ("Class Certification Motion"), pursuant to which the Court has considered, among other things, whether to approve preliminarily the proposed Settlement, authorize the dissemination of the Notice to members of the Class, to grant leave to amend the First Amended Class Action Complaint, and set a date and time for the Final Approval Hearing. Upon reviewing the Settlement Agreement, all of the documents submitted in support of the Preliminary Approval Motion and Class Certification Motion, and the record in this action, **it is hereby ORDERED, ADJUDGED AND DECREED as follows**:

1. **Preliminary Findings Regarding Proposed Settlement**. Based on Plaintiff's submissions with the Motion for Preliminary Approval, the Court preliminarily finds that:

    a. The proposed Settlement resulted from informed, extensive arm's-length negotiations that took place over multiple months and were facilitated by an experienced mediator, Robert A. Meyer of JAMS;

    b. Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; and

    c. The proposed Settlement is sufficiently fair, reasonable, and adequate, and likely to be approved as to warrant sending Notice of the Settlement to the Class.

2. **Final Approval Hearing**. A hearing is hereby scheduled for February 23, 2023, at 9:40 a .m. (the "Final Approval Hearing") to determine, among other things:

    a. Whether the Court should grant final certification of the Action as a class action for settlement purposes and grant final appointment of Plaintiff as Class Representative

7078609

and Class Counsel as counsel for the class;

b. Whether the Settlement should be approved as fair, reasonable, and adequate;

c. Whether the Plan of Allocation should be approved;

d. Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

e. Whether the Notice to the Class in the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

f. Whether Class Counsel adequately represented the Class for purposes of entering and implementing the Settlement Agreement; and

g. Whether the application for payment of Attorney's Fees and Expenses to Class Counsel, and for a Case Contribution Award to the Class Representative should be approved.

3. **<u>Motion for Leave to Amend FAC</u>**. The Court grants Plaintiff leave to amend the FAC and finds the below:

a. The Settlement Agreement requires that Plaintiff request leave to file a Second Amended Complaint ("SAC") contemporaneously to Plaintiff's filing of the Motion for Preliminary Approval of Settlement.

7078609

b. The Settlement Agreement requires that the SAC amend the putative Class definition to a non-opt out Class consisting of: All participants in the Plan who experienced a loss due to liquidation at market value of their GGF investments, any beneficiary of a deceased person who was such a participant in the Plan, and any alternate payee in the case of a person who was such a participant in the Plan and whose account in the Plan was subject to a qualified domestic relations order ("QDRO"). Excluded from the Class are Defendants' officers and directors, and all individuals who were members of the Plan's Investment Committee or Administrative Committee at any time from July 23, 2018, through October 15, 2018.

c. Defendant did not object to Plaintiff's motion for leave to amend. Accordingly, the Court grants Plaintiff's request, and deems the SAC the operative Complaint.

4. **Retention of the Settlement Administrator**. The Court approves Plaintiff's selection of Strategic Claims Services to serve as Settlement Administrator as follows:

a. The Settlement Administrator shall perform various tasks as set forth in the Settlement Agreement subject to the supervision of Class Counsel, including: (*i*) printing and mailing the Notice to Class Members via email and U.S. Mail, (*ii*) publishing the Notice and other documents relevant to the Settlement and the Action on a website for the Settlement, (*iii*) answering written inquiries from potential Class Members and/or forwarding such inquiries to Class Counsel, (*iv*) providing additional copies of the Notice, upon request, to potential Class Members, (*v*) operating a toll-free telephone number to answer inquiries from potential Class Members and/or to forward such inquiries to Class Counsel,

   (v*i*) mailing or causing to be mailed to Class Members their distributions under the Plan of Allocation, (*vii*) comply with the notice requirements of 28 U.S.C. § 1715 (Class Action Fairness Act) and (*viii*) otherwise administering and implementing the Settlement Agreement.

  b. Except for the costs of the Class Action Fairness Act notice, which shall be born by Defendant, the costs incurred by or attributed to the Claims Administrator shall be paid out of the Settlement Fund in the Escrow Account, subject to the terms of the Settlement Agreement.

5. **Notice to Class Members**. The proposed Notice will be sent via U.S. Mail to the last known addresses of Class Members, and via email (if available) to be sent to the last known electronic mail addresses of Class Members, and will be published on the Settlement Administrator's website at www.strategicclaims.net/coriant401k. With respect to such Notice, the Court finds that such Notice fairly and adequately:

  a. Describes the terms and effect of the Settlement;

  b. Notifies the Class that Attorney's Fees and Expenses, and any Case Contribution Award to the Class Representative, will be paid according to §§ 7.1 & 7.2 of the Settlement Agreement;

  c. Notifies the Class of the proposed Plan of Allocation of settlement proceeds;

  d. Gives notice to the Class of the time and place of the Final Approval Hearing;

  e. Advises Class Members that they do not have the right to opt out of the Class;

  f. Advises Class Members of the binding effect of a judgment on Class Members; and

  g. Describes how Class Members may object to any of the relief requested.

The Court directs Class Counsel to retain the services of the Settlement Administrator and to provide the following Notice:

   a. Within thirty (30) days of entry of this Order, the Notice, shall be sent to each Member of the Class who can be identified by the Defendant with reasonable efforts. Defendant shall provide names, and last known email and mailing addresses of Class Members, to the extent available, in electronic format at least ten (10) days prior to the deadline for mailing notice. Notice shall be sent by email and U.S. Mail to the last known addresses of Class Members.

   b. Within thirty (30) days of entry of this Order, Class Counsel shall cause the Settlement Agreement and Notice to be published on the website identified in the Notice.

   c. At or before the Final Approval Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Notice mailing and publication requirements.

6. **Objections to Settlement.** Any member of the Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to Class Counsel's Fee and Expense Application, or to the Case Contribution Award for the Class Representative, may timely file an Objection in writing no later than 18 days prior to the Final Approval Hearing. All written objections and supporting papers must: (1) clearly identify the case name and number "*McCutchan v. Coriant Operations, Inc., et al.*, No. 1:20-cv-00561 (CPK)" (2) be filed with the Court and postmarked and mailed or faxed to Class Counsel and Defendant's Counsel at the addresses below on or before 18 days prior to the Final Approval Hearing; (3) set forth the objector's full name, current address, and telephone

7078609

number; (4) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (6) provide copies of all documents that the objector wishes to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; and (8) include the objector's signature.

The addresses for filing objections with the Court and service on counsel are as follows:

**The Court:**

Clerk of the Court
U.S. District Court Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**Class Counsel:**

| | |
|---|---|
| **Alan L. Rosca** | **Hugh D. Berkson** |
| ROSCA SCARLATO LLC | McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A. |
| 23250 Chagrin Blvd., Suite 100 | 1111 Superior Avenue East, Suite 2700 |
| Beachwood, OH 44122 | Cleveland, OH 44114 |
| Telephone: 216-946-7070 | Telephone: (216) 696-1422 |
| Email: arosca@rscounsel.law | Email: hdb@mccarthylebit.com |

**Defendant's Counsel:**

**R. Bradford Huss**
**Clarissa A. Kang**
TRUCKER HUSS, APC
135 Main Street, 9th Floor
San Francisco, CA 94105
Telephone: (415) 788-3111
Email: bhuss@truckerhuss.com
      ckang@truckerhuss.com

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must file the objection with the Court by no later than 18 days prior to the Final Approval Hearing. Any member of the Settlement Class or other

7078609

Person who does not timely file a written objection complying with the terms of this paragraph may be deemed to have waived, and may be foreclosed from raising, any objection to the Settlement, and any untimely objection may be barred.

7. **Appearance at Final Approval Hearing**. Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Final Approval Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) no later than 14 days prior to the Final Approval Hearing. Any objector who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

8. **Notice Expenses**. The expenses of printing and mailing all notices required hereby, other than the Class Action Fairness Act notice, shall be paid as provided in §§ 1.2 & 3.1 of the Settlement Agreement.

9. **Supporting Papers**. Moving papers in support of final approval of the Settlement, Plan of Allocation, and application for Attorney's Fees and Expenses and Case Contribution awards to the Class Representative shall be filed with the Court and served no later than forty-five (45) days before the Final Approval Hearing. If reply papers are necessary, they shall be filed with the Court and served no later than seven (7) days before the Final Approval Hearing. Class Counsel shall also file a compilation of all objections and requests to appear at the Final Approval Hearing they have received, if any, no later than seven (7) days before the Final Approval Hearing.

10. **Service of Papers**. Defendant's counsel and Class Counsel shall promptly furnish

each other with copies of any and all objections that come into their possession.

11. **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement. In such event, § 8.4 of the Settlement Agreement shall govern the rights of the parties.

12. **Use of Order**. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendant, the Class Representative, or the Settlement Class.

13. **Continuance of Hearing**. The Court may continue the Final Approval Hearing without further written notice.

DATED this 18th day of November, 2022.

_____
Judge Charles P. Kocoras
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF ILLINOIS

7078609