IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

CALVIN McCUTCHAN,

    Plaintiff,

vs.

CORIANT OPERATIONS, INC.,
INFINERA CORPORATION, CORIANT
401(k) PLAN, and DOES 1-20,

    Defendants.

Case No. 1:20-cv-00561 (CPK)

---

## FINAL APPROVAL ORDER OF
## CLASS ACTION SETTLEMENT

1.    This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiff's Complaint with respect to the Coriant's 401(k) Plan (the "Plan") with an investment option known as the Gibraltar Guaranteed Fund ("GGF").[1]

2.    The Court previously entered an Order Preliminarily Approving the Class Action Settlement ("Preliminary Approval Order") and an Order Preliminarily Certifying the Class ("Preliminary Certification Order") on November 18, 2022, preliminarily approving the Settlement, certifying the putative Class for settlement purposes, granting leave to amend the Complaint, approving retention of a Settlement Administrator, ordering Class Notice, scheduling

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Order as if set forth fully herein.

{01813721-1}

a Final Approval Hearing, and providing members of the Class with an opportunity to object to the proposed Settlement.

3. The court held a Final Hearing on _____, at _____, to determine whether to give final approval to the proposed Settlement.

4. Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement, all papers filed and proceedings held herein, and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows**:

5. The Court has jurisdiction over the subject matter of this Action and all Parties to the Lawsuit, including all members of the Class.

6. The Court directed that Class Notice be given pursuant to the proposed Notice program in the Settlement Agreement – proposed by the Parties and approved by the Court. The Notice was sent via U.S. Mail to the last known addresses of Class Members, and via email (if available) to the last known electronic mail addresses of Class Members, and published on the Settlement Administrator's website at www.strategicclaims.net/coriant401k. In accordance with the Court's Preliminary Approval Order and Court-directed Notice: (1) on or about December 16, 2022, copies of the Class Notice were mailed and emailed to members of the Class; and, (2) on or about December 12, 2022 the Settlement papers and Notice were posted to the settlement website. With respect to such Notice, the Court finds that such Notice fairly and adequately:

    a. Described the terms and effect of the Settlement;

    b. Notified the Class that an award of Attorney's Fees and reimbursement of Expenses, and a Case Contribution Award to the Class Representative, will be

    requested according to §§ 7.1 & 7.2 of the Settlement Agreement, and set forth the amounts of those requests;

  c. Notified the Class of the proposed Plan of Allocation of settlement proceeds;

  d. Gave notice to the Class of the time and place of the Final Approval Hearing;

  e. Advised Class Members that they do not have the right to opt-out of the Class;

  f. Advised Class Members of the binding effect of a judgment on Class Members; and

  g. Described how Class Members may object to any of the relief requested.

7. The Notice Program met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and any other applicable law, and that it constituted the best practicable notice, was concise, clear, and in plain, easily understood language, and was reasonable calculated to apprise of the pendency of the Action, the claims, issues, and defenses of the Class, the definition of the Class, the right to object to the proposed Settlement, the right to appear at the Final Approval Hearing, and the binding effect of a judgment on members of the Class.

8. Notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") was sent by Defendant on November 14, 2022. The Court finds that the parties complied with the requirements of CAFA.

9. The Court finds after the Final Approval Hearing, and based upon all the submissions in the Action by interested parties, that the Parties' proposed Settlement is fair, reasonable, and adequate, and is consistent with the Federal Rules of Civil Procedure, the United States Code, the United States Constitution. In so finding, the Court has considered and found that:

    a. The Settlement provides for a significant financial benefit and provides substantial financial payment to the benefit of the Class members;

    b. The terms of the Settlement were entered into by experienced counsel and only after extensive arm's-length negotiations that took place over multiple months and were facilitated by an experienced mediator, Robert A. Meyer of JAMS, and is therefore not the result of collusion;

    c. The negotiations were supported by robust investigation before the commencement of the Action; the production and review of confidential documents during mediation; and extensive legal and factual research on the matters at issue;

    d. Defendant denied and continues to deny Plaintiff's claims and allegations, and has raised various factual and legal arguments in support of its vigorous defense in the Action; and,

    e. Approval of the Settlement will result in substantial savings of time, money and effort for the Court and Parties and will further the interests of justice.

10. Accordingly, the Settlement shall be and hereby is approved and the Settlement Agreement is adopted in full as an Order of this Court.

11. All members of the Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in §§ 1.37, and 5.1-5.6 of the Settlement Agreement and Unknown Claims described in §1.45 of the Settlement Agreement, which are incorporated herein. The Released Claims shall not include any claims that cannot be waived by law.

12. The release shall not extend to the claims (1) related to the enforcement of the Settlement Agreement, including by not limited to, the implementation of the Plan of Allocation

and the allocation and distribution of the Settlement Fund to the members of the Class. The Parties are not liable for any claims of Class members based upon calculations performed by the Administrator.

13. Upon entry of the Order, Defendant shall be deemed to have released Class Representative and Class Counsel for any claims arising out of this Action.

14. The Plan of Allocation summarized in the Notice, and filed with the Court prior to the Final Approval Hearing, is approved as fair, reasonable, and Class Counsel are directed to arrange for the administration of the Settlement Fund in accordance with the terms and provisions of the Plan of Allocation.

15. The Court retains jurisdiction over the implementation, administration, and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

16. The Court hereby dismisses with prejudice the Action and all Released Claims identified in Settlement Agreement against each and all Released Parties and without costs to any of the Parties as against the others, expect to the extent any costs are included in the Court's award of fees and expenses in the Attorney's Fee and Expense Order.

17. The Court finds that no reason exists for delay in ordering final judgment, and the clerk is hereby directed to enter this Judgment forthwith.

DATED this 12th day of January , 2023.

_____
Judge Charles P. Kocoras
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF ILLINOIS